IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FREDDIE L. DAVIS, | ) | C/A No. 4:05-cv-00033-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| JON OZMINT, Director for S.C.D.C; and | ) | |
| HENRY DARGAN McMASTER, | ) | |
| Attorney General for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Freddie L. Davis ("petitioner/Davis"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 5, 2005. Respondents filed a motion for summary judgment on April 11, 2005, along with supporting memorandum. The undersigned issued an order filed April 14, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to respondents' motion for summary judgment on April 20, 2005.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

The procedural history as set forth by respondents in their memorandum has not been seriously disputed by petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondents.

Petitioner, Freddie Davis, ("petitioner/Davis"), is presently confined in the Walden Correctional Institution ("WCI") of the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the Lexington County Clerk of Court. The Lexington County Grand Jury indicted petitioner at the May 2002 term of court for distribution of crack cocaine (2002-GS-32-1313) and distribution of crack cocaine in proximity of a school (2002-GS-32-1314). He was represented by Wallis Alves, Esquire.

On June 11, 2002, petitioner pled guilty as charged, before the Honorable Marc H. Westbrook. Judge Westbrook sentenced him to seven years imprisonment on each offense. He did not appeal his conviction or sentence.

On October 23, 2002, petitioner filed a Post-Conviction Relief (PCR) Application challenging his convictions and sentence. **App. 12-19**. He alleged the following grounds for relief in his Application:

1.      Ineffective assistance of counsel. My attorney withheld information from the court that would have resulted in a dismissal of my case. And...know that with the information that I gave to my attorney...along with documented proof of my alibi, that the aledged (sic) warrants & indictments that was (sic) handed down by the grand jurors should have been thrown out of court & dismissed...[After speaking to trial counsel about the charges in the indictments and warrants], I was told by [counsel] that I had been indicted by the grand jurors...[a]nd that the only [way] I would be able to have this case dismissed, was to have an alibi for the dates of the charges & warrants that I was indicted on. I then informed [counsel] of my incarceration at the time of the aledged (sic) warrants & charges...in the Lexington County Jail at that time. [Counsel] then...[checked] my alibi on record. And

2

after...finding it to be true, she then informed me that the State was going to have to [dismiss] and drop the charges. [B]ut instead of going to the courts about this new evidence, [counsel] whent (sic) to the Solicitor with this information.

2.     Ineffective assistance of counsel.  I know that with the information that I gave to my attorney...along with documented proof of my alibi, that the aledged (sic) warrants & indictments that was (sic) handed down by the grand jurors should have been thrown out of court & dismissed.

**App. pp. 13-18.**  The State made its Return on February 27, 2003.  **App. pp. 19-24.**

On April 14, 2003, the Honorable Kenneth G. Goode held a hearing into the matter, at the Lexington County Courthouse.  Petitioner was present in court; and Charles Johnson, Esquire, represented him.  The State was represented by Allen Bullard, of the South Carolina Attorney General's Office.  Petitioner testified on his own behalf at the hearing, while the State presented the testimony of trial counsel, Ms. Alves.  **App. pp. 25-83.**

At the outset of the hearing, petitioner's collateral counsel stated that, in addition to petitioner's claims that he received ineffective assistance of counsel, petitioner was also raising a claim that the trial court lacked subject matter jurisdiction.  **App. p. 27.**  At the conclusion of the hearing, collateral argued that petitioner received ineffective assistance of counsel based on counsel's failure to adequately investigate the case and discover evidence that the incident occurred on September 24th and petitioner could not have been guilty, as well as counsel's failure to suppress the drugs, based on the discrepancy between the weight of the cocaine when seized and the weight after testing.  **App. 77-78.**

On June 19, 2003, Judge Goode filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice.  **App. Pp. 85-90.**  The Order specifically addresses petitioner's allegations that (1) the trial court lacked subject matter jurisdiction because the

indictment failed to allege that the distribution was knowingly and intentionally done; (2) counsel was ineffective for telling the prosecution that he had an alibi for the day set forth in the original indictment (September 24, 1999) because this allegedly caused the Solicitor to re-indict him and allege a different date (August 29, 1999); and (2) counsel was ineffective for not adequately challenging the chain of custody. **App. pp.86-89.** A timely notice of appeal was served and filed.

Assistant Appellate Defender Tara S. Taggart, of the South Carolina Office of Appellate Defense, represented petitioner in collateral appellate proceedings. On March 25, 2004, Ms. Taggart filed a *Johnson*[2] Petition for Writ of Certiorari on petitioner's behalf and moved to be relieved as counsel. There was only one Issue Presented in the *Johnson* Petition:

> Whether petitioner's guilty plea was involuntary, unknowing, and unintelligent because of the ineffective assistance of counsel he received?

***Johnson* Petition for Writ of Certiorari at p. 2.**

The South Carolina Supreme Court filed an Order on November 17, 2004, in which it denied certiorari and granted counsel's petition to be relieved. Petitioner thereafter filed a "Pro se Response to Johnson Petition," which is dated November 25, 2004, which was actually a Petition for Rehearing, as stated in the pleading.[3] The South Carolina Supreme Court denied petitioner's *pro se*

---

[2] *Johnson v. State,* 364 S.E.2d 201 (S.C. 1988). *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders v. California,* 386 U.S. 738 (1967).

[3] Petitioner has filed numerous documents asserting that he filed a pro se petition to his *Johnson* petition. Petitioner asserts that respondents have not submitted this document. Petitioner has filed "Requests" with this court stating that he had sent request to produce to respondents in March 2005, for copies of the pro se petition that was filed along with his *Johnson* petition with the South Carolina Supreme Court. He has also filed "requests" asking if this Court has requested his pro se petition from the South Carolina Supreme Court. Respondents have responded stating that they did not receive a request for production of documents on March 31, 2005, as alleged by

4

rehearing petition and sent the Remittitur to the Lexington County Clerk of Court on December 15, 2004.

## II.  HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus:

**GROUND ONE:**                    Guilty plea was involuntary, unknowing, and unintelligently made by way of Procedural Due Process violations.

**SUPPORTING FACTS:**            The judge failed to comply with the procedures of the plea by not informing me of the nature of the offenses, not finding that my guilty pleas was (sic) knowingly and intelligently made before accepting them, nor did he find that there was a factual basis for accepting the guilty pleas, moreover, the record would reveal the same that the court never informed me of the essential elements of both offenses[s], nor did I have a full understanding of my const. rights.

**GROUND TWO:**                    Ineffective assistance of counsel for failing to investigate the evidence.

**SUPPORTING FACTS:**            Counsel failed to ad[e]quately and properly investigate the evidence that was given to the State by the arresting agency. Moreover, counsel failed to challenge the sufficiency of the police investigation reports, indictment, C.I. statements, chronological account of the events that led to the alleged Drug buy (sic), as well as failing to challenge and question the sufficiency of the chain of custody concerning the missing links and Brakes as well as the Procedural Requirement of the individuals (each) having possession of the evidence before allowing me to plead guilty, there was a reasonable probability that the outcome of my case would have been

_____

petitioner. Respondents further respond that they are not  aware of any other documents filed with the South Carolina Supreme court other than the Pro se "Petition For Rehearing/Reconsideration on Pro Se petition brief arguments" that they have submitted with their memorandum.

different (my pleas) had counsel challenged the evidence at a pretrial conference.

**GROUND THREE:**  Circuit Court lacked subject matter jurisdiction to accept guilty pleas to both indictments 2002-GS-32-1313, 2002-GS-32-1314.

**SUPPORTING FACTS:**  The indictment 2002-GS-32-1313 fails to sufficiently charge the offense of "Distribution within the body of the indictment, moreover, it fails to allege all of th essential elements that constitutes (sic) the offense intended to be charged, nor does it put me (sufficiently) on notice of the "mens rea" element, that is required to be proven, furthermore, it fails to specifiy (sic) refer to section 44-53-370 that creates and [defines] the offense of Distribution, but only refers to section 44-53-110 and 44-53-470 in which neither of the section codes requires (sic) the "mens rea" element, specifically (sic), nor does (sic) they create, charge or [define] the crime of Distribution, moreover, 44-53-375 is only a penalty enhancement provision only.

**GROUND FOUR:**  Circuit Court lacked subject matter jurisdiction to accept my guilty pleas to the offense of Distribution within proximity.

**SUPPORTING FACTS:**  The indictment that charges the offense of Distribution Within Proximity fails to sufficiently put me on notice of the "mens rea" element that is required to be proven, moreover, 44-53-445 requires a violation of 44-53-370, therefor[e] requiring a "mens rea" element, furthermore, in order to be sentence[d] fo[r] Distribution or Within Proximity a defendant would have to specifically (sic) violate section 44-53-370. What the Legislature says in the text of a statute is considered the best evidence of the Legislature's intent or will.

(Petition).


### III.  SUMMARY JUDGMENT

On April 11, 2005, the respondents filed a return and memorandum of law in support of their motion for summary judgment. Petitioner responded to the motion for summary judgment.

6

The federal court is charged with liberally construing the complaints filed by *pro se* litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential

elements of his case with respect to which he has the burden of proof.  <u>Celotex</u>, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Davis filed his petition after the effective date of the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as

amended.  <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998);

<u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State court
> proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state

court application of Supreme Court law.  See <u>O'Brien v. DuBois</u>, 145 F.3d 16 (1st Cir. 1998) ("the

AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas

proceeding by specifically directing the habeas court to make the state court decision the cynosure

of federal review.").  Further, the facts determined by the state court to which this standard is applied

are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence.  28

U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See <u>Williams</u>

<u>v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of

federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## V. MERITS

### GROUND ONE

As previously stated, petitioner raised the following as Ground one in his habeas petition:

**GROUND ONE:**          Guilty plea was involuntary, unknowing, and unintelligently made by way of Procedural Due Process violations.

**SUPPORTING FACTS:**          The judge failed to comply with the procedures of the plea by not informing me of the nature of the offenses, not finding that my guilty pleas was (sic) knowingly and intelligently made before accepting them, nor did he find that there was a factual basis for accepting the guilty pleas, moreover, the record would reveal the same that the court never informed me of the essential elements of both offenses[s], nor did I have a full understanding of my const. rights.

Respondents assert that this allegation was procedurally defaulted in state court by petitioner's failure to raise it in the PCR court so that it could have been reviewed by the state supreme court on certiorari, through its Anders/Johnson review of the record. State v. McKennedy, 559 S.E. 2d at 854-855.

The failure to raise a claim in the first state post-conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief. See Murch

9

v. Mottram, 409 U.S. 41, 46 (1972); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990), cert.
denied, 499 U.S. 982 (1991); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989); Clanton v. Muncy,
845 F.2d 1238, 1241 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1998). Similarly, if a petitioner
before a federal court fails to raise a claim in state court and is precluded by state procedural rules
from returning to state court to raise the issue, he has procedurally by-passed his opportunity for
relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal
district court is barred from considering the habeas claim, absent a showing of cause and actual
prejudice. Coleman v. Thompson, supra. The procedural default doctrine and its attendant "cause
and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These
principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray
v. Carrier, supra.

        Thus, a prisoner must demonstrate cause for his state court default of any federal claim, and
prejudice therefrom, before the federal habeas court will consider the claim's merits. Counsel's
ineffectiveness in failing properly to preserve a claim for state court review will suffice as cause, but
only if that ineffectiveness itself constitutes an independent constitutional claim. Id. at 489-97. The
comity and federalism principles underlying the doctrine of exhaustion of state remedies require an
ineffective-assistance claim to be presented to the state courts as an independent claim, before it can
be used to establish cause for a procedural default. Id. at 489. The doctrine's purposes would be
frustrated if federal review were available to a prisoner who had presented his claim in state court,
but in such a manner that the state court could not, under its procedural rules, have entertained it. Id.

        In Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set
forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to
>
> "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced . . .

Id. at 910-911 (citations omitted).

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160. "Exhaustion includes the filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 495 S.E.2d 426, 428 (S.C. 1998).

Petitioner did not file a direct appeal and this issue (ground one) was not raised in the state PCR proceedings. This issue was first raised in petitioner's Johnson petition for writ of certiorari to the South Carolina Supreme Court on appeal from his PCR application. This issue would not have been considered by the Supreme Court because it was not ruled upon by the state PCR judge and, in fact, was not raised in the application for PCR. Pruitt v. State, 423 S.E.2d 127, 128 n.2 (S.C. 1992) (issue must be raised to and ruled on by PCR judge in order to be preserved for appellate review); Plyer v. State, 424 S.E.2d 477, 478 (S.C. 1992) (issue neither raised to nor ruled upon by PCR judge is procedurally barred).

If a petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. at 750. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, 477 U.S. at 490-92. Furthermore, in the absence of cause and prejudice, the petitioner must show that he is factually "actually innocent" in order to have his claim heard on collateral review. Bousley, 523 U.S. at 622-24. "To establish actual innocense, petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." Id. At 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)). Based on the record before the court, petitioner has failed to show cause and prejudice or actual innocense to overcome the procedural default.

A review of the plea transcript reveals that petitioner informed the court that he wanted to plead guilty to distribution of cocaine, second offense and that he understood that he could get as much as 30 years in jail and a $50,000.00 fine and that the judge had to give him at least five years in jail. (App. 5). The court asked petitioner if he wanted to plead to distribution of cocaine within proximity of a school and he responded "yes" and that he understood that he could get as much as ten years in jail for that charge. Petitioner informed the court that he understood that with both of the charges what he was "supposed to have done." (App. 5). Petitioner stated that he understood his right

12

to a jury trial and that he had a chance to speak with his attorney about the matter and had no further questions. (App. 6). Petitioner stated that he was pleading guilty of his own free will with no promises or threats. The trial judge asked petitioner "Are you guilty of each of these offenses" and petitioner responded "Yes." (App. 7). Petitioner also stated that he was satisfied with his lawyer. (App. 7). The solicitor proffered a statement of the charges in which he stated "this incident also took place within one half mile of the Lakeview Education Center, which is a school. He was originally charged with distribution crack cocaine, third offense. And in exchange for this plea we're reducing it to a distribution powder cocaine, second offense; and we are reducing the distribution of crack in proximity to distribution powder, second offense, in proximity. And we've negotiated a seven-year straight sentence . . . and we're nol prosing a possession of cocaine charge that happened on another incident date." (App. 8). Plaintiff's attorney stated to the court "[t]o clarify, Mr. Davis was originally charged with an indictment that alleged that this incident occurred on September 24 rather than August 24. It's my understanding that the State had dismissed those as well." (App. 8). The Solicitor stated to the court that that was correct. Petitioner stated that he understood that there's no parole on the seven years and declined to say anything when given the opportunity by the trial judge. (App. 9).

The undersigned has reviewed petitioner's response and concludes that petitioner has not made the requisite showing to overcome this default, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner, supra. However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, supra.

Once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. <u>Kornahrens v. Evatt, supra.</u> The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. <u>See</u> <u>Karsten v. Kaiser Foundation Health Plan</u>, <u>supra</u>. Once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Therefore, it is recommended that this issue (ground one) be dismissed as procedurally barred.

## **GROUND TWO**

Petitioner raises the following as Ground Two in his federal habeas petition:

**GROUND TWO:** Ineffective assistance of counsel for failing to investigate the evidence.

**SUPPORTING FACTS:** Counsel failed to ad[e]quately and properly investigate the evidence that was given to the State by the arresting agency. Moreover, counsel failed to challenge the sufficiency of the police investigation reports, indictment, C.I. statements, chronological account of the events that led to the alleged Drug buy (sic), as well as failing to challenge and question the sufficiency of the chain of custody concerning the missing links and Brakes as well as the Procedural Requirement of the individuals (each) having possession of the evidence before allowing me to plead guilty, there was a reasonable probability that the outcome of my case would have been different (my pleas) had counsel challenged the evidence at a pretrial conference.

(Petition).

Respondents argue that the state courts' denial of relief on this allegation did not result in a decision that was "contrary to, or involved an unreasonable application of" clearly established

federal law as determined by the United States Supreme Court. Respondents assert that Ground Two was addressed as two separate allegations in the state PCR court. (App. 87-89). Respondents contend that the first allegation that was addressed in the PCR judge's Order of Dismissal is the contention that trial counsel was ineffective for informing the prosecution that petitioner had an *alibi* defense for September 24, 1999, and thereby allowed the prosecution to obtain another indictment alleging a date for which he did not have an *alibi.*

Respondents submit that it is undisputed that petitioner's original indictment alleged that the distribution he was accused of occurred on September 24, 1999, and that he had an *alibi* for that day. Counsel discussed his alibi with him and counsel confirmed that petitioner did, indeed, have an alibi for that date. (App. 30-33; 59-61).

During the PCR hearing, trial counsel testified that she discussed the potential alibi with petitioner and his girlfriend and told petitioner the police report associated with this distribution charge indicated that the incident actually occurred on August 24, 1999. Trial counsel testified that she told petitioner that this potential alibi would be a good defense if the State tried him on these dates if she confirmed his story, but explained that the State "might dismiss those charges and re-indict him." (App. 59-60). Counsel testified that she did not disclose the alibi defense even though under the state court rules of criminal procedure obligated her to disclose it. Counsel testified that the Assistant Solicitor realized the mistake and brought it to her attention before she met with petitioner. Counsel testified that about a month later, she met with the Assistant Solicitor to review a videotape of petitioner's drug transaction and he explained the mistaken date and that he intended to re-indict petitioner to ensure the indictment contained the August 24, 1999, date. (App. 59-61).

15

Petitioner asserts that he did not tell anyone about the alibi except for trial counsel. Petitioner contends that he did not tell the solicitor that he had an alibi.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)).  In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal.  Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional  errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective."  Instead, an appropriate analysis of prejudice should consider "whether the result of

16

the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice

prong should not "set aside a conviction or sentence solely because the outcome would have been

different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th

Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

 The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of
> counsel's challenged conduct on the facts of the particular case, viewed as of the time
> of counsel's conduct . . . the court must then determine whether, in light of all the
> circumstances, the identified acts or omissions were outside the wide range of
> professionally competent assistance.  (Emphasis added.)

Further, a plea of guilty is considered by the court to be a solemn judicial admission that the

charges against the defendant are true.  The defendant may not later argue that his plea was invalid

except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977).  The

statements made by a defendant at the time he pleads guilty are taken as conclusive unless he can

clearly demonstrate why those statements were not true, Crawford v. United States, 519 F.2d 347,

350 (4th Cir. 1975).

A review of Hill, supra, by the undersigned reveals the court held that, quoted verbatim:

> Although our decision in Strickland v. Washington dealt with a claim
> of ineffective assistance of counsel in a capital sentencing proceeding,
> and was premised in part on the similarity between such a proceeding
> and the usual criminal trial, the same two-part standard seems to us
> applicable to ineffective-assistance claims arising out of the plea
> process.  Certainly our justifications for imposing the "prejudice"
> requirement in Strickland v. Washington are also relevant in the
> context of guilty pleas.

Hill, 474 U.S. at 56.

In the present case, a thorough review of the record by the undersigned results in the recommendation that respondents' motion for summary judgment be granted. Specifically, when petitioner's claim for habeas corpus relief is liberally construed, the petitioner does not give any supporting facts to substantiate his claims of ineffective assistance of counsel. The record does not indicate that counsel for the petitioner was ineffective.

A review of the PCR transcript reveals that trial counsel testified that the solicitor discovered the mistake and notified her that he was going to re-indict the case to make sure the correct date of August 24, 1999, was in the indictment. Counsel testified that she did not inform the solicitor of the alibi, that it was the solicitor who informed her that petitioner told him that he had an alibi but the solicitor did not believe it. Counsel testified that she then started investigating it and found that petitioner was in jail on September 24, 1999. When she later met with the solicitor to watch a tape, the solicitor told her of the mistake on the date and that he was going to re-indict to make sure the correct date was on the indictment. Counsel testified that the solicitor told her about petitioner's alibi before she ever met with him. Counsel testified she did not discuss the alibi with anyone except petitioner and his girlfriend. (Tr. 59-61).

The PCR court rejected petitioner's allegation that counsel was ineffective for telling the solicitor that he had an alibi and caused him to re-indict using the date of August 24, 1999. The PCR court found the following:

> The Applicant's original indictment mistakenly alleged that the distribution he was accused of occurred on September 24, 1999. The Applicant had an alibi for that day. He and counsel discussed his alibi, and counsel confirmed that he did, indeed, have an alibi for that date. However, although there were a few discrepancies, the documents associated with his distribution charge indicated that the incident actually occurred on August 24, 1999. Sometime after the

18

> original indictment was issued, the solicitor realized the mistake and re-indicted the Applicant to ensure the indictment contained the August 24 date. The Applicant claimed counsel told the solicitor he had an alibi and caused him to re-indict the charge. He claimed counsel was ineffective for doing so. This Court disagrees. This Court finds that the Applicant himself informed the solicitor at roll call that he had an alibi. His testimony to the contrary is not credible. Moreover, even were the Applicant's claims true, he suffered no prejudice. The Rules of Criminal Procedure require counsel to inform the solicitor if alibi is to be pled as an affirmative defense. Thus, counsel would have been obliged to inform the solicitor of the Applicant's alibi for September 24, 1999, if the Applicant intended to proceed to trial on the original indictment. See, Rule 5(e), SCRCrimP.

(Tr. 87-88).

The record does not indicate that counsel for the petitioner was ineffective with regard to the first part of Ground Two. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that her representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him.

In the second part of Ground Two, petitioner asserts that he discovered several problems with the chain of custody for the drugs he was alleged to have distributed. Petitioner asserts that counsel failed to discuss these problems with him prior to his pleading guilty.

A review of the PCR Order reveals that the PCR judge found as follows:

> This Court finds that counsel discussed these matters with the Applicant prior to his plea. Counsel made it clear to the Applicant that she would contest any chain of custody issues that existed if he decided to proceed with a trial. The Applicant's claims to the contrary are not credible. This Court finds that the Applicant was aware of the possibility of challenging the chain of custody at trial when he was making his decision whether or not to plead guilty.

19

> . . . With respect to a guilty plea, Applicant must show that there is a
> reasonable probability that, but for counsel's alleged errors, he would
> not have pled guilty and would have insisted on going to trial. . . . As
> discussed above, the Applicant has failed to carry his burden in this
> action.

(App. 88-89).

The record supports the decision of the PCR judge. Petitioner testified at the PCR hearing that on the chain of custody sheet, the drug enforcement agent, Vernon L. Holland, took control of the drugs on the form on August 24, 1999, but the form was not signed and dated until January 17, 2000, when it was turned over to SLED and was not notarized until May 10, 2002, over eight months after it was initially turned over. Thus, petitioner argues that the chain of custody form could have been signed anytime between August 24, 1999, and January 17, 2000. Petitioner testified that the forms that are to be signed by the different people with SLED were not signed and then the weight changed from 0.1 gram to .04 gram. Petitioner also testified that the evidence was re-submitted under a new evidence number. (Tr. 41-49).

Counsel testified that she had given petitioner a copy of everything that she had and explained to him that if they went to trial she would argue everything for him. Counsel testified at the PCR hearing that if the case had gone to trial, she would have argued the issues related to the chain of custody that petitioner discussed at the PCR hearing. She testified that she did not think unusual that the forms were notarized late, but she would have still have raised it as an issue if it had gone to trial. However, counsel testified that petitioner wanted to plead guilty.

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of <u>Strickland</u> and was not based upon an unreasonable

determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra.

In conclusion, the undersigned finds that there was no constitutional violation denying effective assistance of counsel as to ground two. The undersigned finds that counsel met the reasonableness test of Strickland, supra. Certainly, petitioner has failed, assuming *arguendo* there was error, to show the result was fundamentally unfair or unreliable. Petitioner pleaded guilty to a straight seven-year sentence, had other charges reduced and some dismissed when he could have been facing a potential sentence of over thirty (30) years. Therefore, based on the above, the undersigned recommends that the respondents' motion for summary judgment be granted on this issue.

## **GROUNDS THREE AND FOUR**

Petitioner raises the following as grounds three and four in his habeas petition:

| | |
|---|---|
| **GROUND THREE:** | Circuit Court lacked subject matter jurisdiction to accept guilty pleas to both indictments 2002-GS-32-1313, 2002-GS-32-1314. |
| **SUPPORTING FACTS:** | The indictment 2002-GS-32-1313 fails to sufficiently charge the offense of "Distribution within the body of the indictment, moreover, it fails to allege all of th essential elements that constitutes (sic) the offense intended to be charged, nor does it put me (sufficiently) on notice of the "mens rea" element, that is required to be proven, furthermore, it fails to specificly (sic) refer to section 44-53-370 that creates and [defines] the offense of Distribution, but only refers to section 44-53-110 and 44-53-470 in which neither of the section codes requires (sic) the "mens rea" element, specificly (sic), nor does (sic) they create, charge or [define] the crime of Distribution, moreover, 44-53-375 is only a penalty enhancement provision only. |

**GROUND FOUR:**          Circuit Court lacked subject matter jurisdiction to accept my guilty pleas to the offense of Distribution within proximity.

**SUPPORTING FACTS:**     The indictment that charges the offense of Distribution Within Proximity fails to sufficiently put me on notice of the "mens rea" element that is required to be proven, moreover, 44-53-445 requires a violation of 44-53-370, therefor[e] requiring a "mens rea" element, furthermore, in order to be sentence[d] fo[r] Distribution or Within Proximity a defendant would have to specificly (sic) violate section 44-53-370. What the Legislature says in the text of a statute is considered the best evidence of the Legislature's intent or will.

The undersigned recommends that these issues be dismissed. As these issues pertain to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Therefore, the undersigned recommends that this ground be dismissed.

## VI.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondents' motion for summary judgment (document # 14) be GRANTED.

                         Respectfully Submitted,


                         s/Thomas E. Rogers, III
                         Thomas E. Rogers, III
                         United States Magistrate Judge

January 20, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

22

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
