IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Freddie Lee Davis, #284799, | ) | C/A NO. 4:05-0033-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Jon Ozmint, Director for S.C.D.C.; and | ) | |
| Henry Dargan McMaster, Attorney | ) | |
| General for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* petition filed pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the South Carolina Department of Corrections and seeks habeas relief from his conviction and sentence.

In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings and a Report and Recommendation. On January 20, 2006, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed Objections to the Report and a Motion for an Evidentiary Hearing on January 30, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which

a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (internal quotation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Petitioner raises four (4) grounds for relief in his § 2254 petition. Petitioner's first ground for relief is that his guilty plea was not knowing and voluntary. Petitioner's second ground for relief asserts that his trial counsel was ineffective due to her failure to investigate the evidence, including failing to challenge the chain of custody of the drugs allegedly purchased from Petitioner. Petitioner's third and fourth grounds for relief contend the indictments were insufficient, thereby divesting the trial court of jurisdiction to entertain his guilty plea. Respondents contend that they should be granted summary judgment on all of Petitioner's claims. Respondents contend Ground One is procedurally defaulted; that the state court findings are not contrary to, or an unreasonable application of, clearly established federal law pursuant to § 2254(d)(1) as to Ground Two; and that Grounds Three and Four contain claims that are either procedurally defaulted or not cognizable on

federal habeas review because the claims arise under state law. The Report and Recommendation, after a thorough review of the law, recommends a grant of summary judgment to Respondents.

Petitioner raises several objections to the Report and Recommendation, all of which are without merit. Petitioner objects to the Report's finding that Ground One is procedurally defaulted for two reasons. Petitioner contends that by presenting his voluntariness of plea argument in the form of an ineffective assistance of counsel claim in his *Johnson*[1] petition, this claim has been "presented" to the South Carolina Supreme Court, and therefore is not defaulted. Petitioner also contends that trial court's alleged failure to comply with *Boykin v. Alabama*, 395 U.S. 238 (1969), is a "purely legal issue," and therefore his default should be excused. Petitioner's objection is without merit. Not only is the claim defaulted, but it has no merit. The transcript of Petitioner's guilty plea shows that the trial court complied with the requirements of *Boykin* by assuring that trial counsel had discussed the consequences, constitutional and otherwise, with Petitioner. *See Wade v. Coiner*, 468 F.2d 1059, 1060 (4th Cir. 1972) (state judge may satisfy *Boykin* concerns by ensuring that attorney has advised defendant of nature of charge and consequences of his plea).

Petitioner's other objections to the Report's findings addressing the other grounds for relief are also without merit. Therefore, for the reasons stated in the Magistrate Judge's Report and Recommendation and as noted above, Respondents' motion for summary judgment is **granted** and this petition is dismissed with prejudice. Petitioner's motion for an evidentiary hearing is **denied**.

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (setting forth procedures for counsel to follow when filing appeals believed to be meritless in state post-conviction relief (PCR) cases pursuant to *Anders v. California*, 386 U.S. 738 (1967)).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 6, 2006

C:\temp\notesE1EF34\~3820991.wpd

4